**Elena PEREZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 84–1409 HL.**

United States District Court, D. Puerto Rico.

Aug. 26, 1985.

Paul Ramos Morales, Bayamón, Puerto Rico, for plaintiff.

Fidel A. Sevillano-Del Rio, Asst. U.S. Atty., Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (the Act), to obtain judicial review of the final decision of the Secretary of Health and Human Services (the Secretary) denying plaintiff's widow insurance benefits based on the account of her deceased husband.

Plaintiff is a 60 year old woman (born on August 13, 1924), with a third grade education, who has always worked as a housewife.

On March 7, 1979, plaintiff applied for widow's insurance benefits (Tr. 36–41), alleging disability since 1954 due to bronchial asthma. The claim was denied initially and upon reconsideration on May 4, 1979 and July 30, 1979, respectively. A timely request for hearing was dismissed by an Administrative Law Judge (ALJ) on April 7, 1980, on the basis of abandonment. The dismissal was upheld by the Appeals Council on August 11, 1980.

The current application was filed on July 15, 1982, alleging disability since February, 1979, due to bronchial asthma and a nervous condition. The application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration, after the Puerto Rican Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was not under a disability (Tr. 46–50). The ALJ considered that a hearing was not necessary and that based upon the record plaintiff was entitled to widow's insurance benefits (Tr. 27–28). The Appeals Council, on its own motion to review, reversed the decision of the ALJ on April 6, 1984, and found that plaintiff was not entitled to disability insurance benefits. This became the final decision of the Secretary. From this decision plaintiff appealed to this Court.

Upon review, we must ascertain only whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Universal Camera v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951).

We have reviewed the record and found that the Secretary's decision is not supported by substantial evidence.

Regarding plaintiff's respiratory problems, the progress notes from the Bayamón Regional Hospital revealed that the plaintiff received treatment for bronchial asthma since 1979 (Tr. 151). On January 20, 1981, plaintiff was hospitalized in moderate respiratory distress, but on January 23, 1981, plaintiff left the hospital against medical advice.

On August 19, 1982 (Tr. 205–206), a consultative pulmonary evaluation was performed by Dr. Iván León, an Internist. Dr. León diagnosed a chronic bronchitis. However, a spirometric test could not be performed "due to plaintiff's disturbed mental condition." (Tr. 206.) A chest X-ray film revealed a blunted left cardio-pulmonary angle with left pleural thickening, but the radiologist stated that was not necessarily acute (Tr. 207).

Another report from the physician, Dr. José Luis Pesante, showed that plaintiff was seen on a monthly basis since 1977 due to asthmatic attacks with short remissions (Tr. 208).

A pulmonary function study done on September 30, 1982, revealed an FEV 1 (Forced Expiratory Volume in 1 second) of .96 before bronchodilators and 1.26 post bronchodilators.

The pneumologist commented that the MVV (Maximum Voluntary Volume) readings "were unreliable due to patient's poor efforts." (Tr. 218.) After these findings, a physician designated by the Secretary, Dr. Daniel A. Nieves, concluded that plaintiff's impairment did not meet or equal the level of severity described in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 (Tr. 145).

Concerning plaintiff's nervous condition, on February 9, 1981, the plaintiff was seen at the mental health clinic for complaints of weight loss, insomnia, loss of appetite and ideas of persecution (Tr. 189). She went again in June, 1981, with complaints of auditory hallucinations and ideas of persecution (Tr. 186). In October, 1981, plaintiff was finally hospitalized (Tr. 195).

A consultative psychiatric evaluation was performed on August 20, 1982, by Dr. Ramón Piñero Rivera. Plaintiff's final diagnosis consisted of: Major Depression, Bronchial Asthma, chronic, and the physician commented that plaintiff needed supervision to handle her own funds (Tr. 214–216).

A second psychiatric evaluation was performed on March 7, 1983, by Dr. José Ríos Cervantes. It revealed that plaintiff was totally disabled due to her mental impairment which was diagnosed as Major Depression recurrent type, with psychotic features and borderline personality disorder plus bronchial asthma. In addition, plaintiff seemed of a paranoid and anxious character, she could not handle her own funds, and had lost interest in all things (Tr. 231–233). However, Dr. Roque Stella, a physician designated by the Secretary, who did not examine the plaintiff, rendered a medical judgment showing that plaintiff's impairment was severe but did not meet or equal the Listings in Appendix 1 of Regulations No. 4 (Tr. 238–243).

Even more, several notices of accusations were filed in the District Court of Dorado, accusing plaintiff of verbal abuse, indecent exposure and threatening the neighbor's life with a "machete" (Tr. 246–256). Furthermore, on September 21, 1981, the District Court of Toa Baja issued an official petition declaring plaintiff as being both a hazard to herself and to the community (Tr. 245–246).

With this evidence on the record, we cannot sustain the Secretary's decision that plaintiff does not have a mental impairment which significantly limits the ability to engage in any gainful activity.

While the claimant's respiratory impairment does not meet or equal the requirements of Appendix 1, Subpart P of Regulations No. 4, her mental impairment does meet the level of severity contemplated in the above Listing as mandated in Section 404.1578(a)(1) and (2). The medical evidence revealed a marked restriction of daily activities, a constriction of interests, a seriously impaired ability to relate to others and a major depression. Therefore, plaintiff's mental impairment did meet Listing 12:03 (A) and (B) since February 1, 1979 through November 30, 1983, therefore rendering her as "disabled under the Act.

The final determination of the Secretary that plaintiff was not disabled and was not entitled to disabled widow's benefits is not supported by substantial evidence.

WHEREFORE, the Secretary's decision is hereby REVERSED, and a finding that plaintiff is entitled to disabled widow's benefits is hereby entered in accordance with the decision of the ALJ.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.